**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lillian Fitzgerald, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Unilever United States, Inc.,<br><br>Defendant. | Civil Action No. __1:26-cv-1488__ (MAD/DJS)<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lillian Fitzgerald ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Unilever United States, Inc. ("Defendant" or "Dove"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on her personal knowledge.

**NATURE OF THE ACTION**

1.      Defendant formulates, manufactures, advertises, markets, and sells its Dove Vitality Renewal Firming Body Wash — "4% Restoring Serum with Collagen" (the "Product")[1] throughout the United States, including in New York. Defendant markets the Product in a systematically misleading manner by conspicuously representing on the label of the Product, and throughout its online listings and marketing materials, that the Product contains "Collagen."

2.      Unbeknownst to consumers, however, the Product does not contain collagen at all. Instead, the Product's ingredient list on the back of the product reveals that it contains only "Vegetable Collagen" — a plant-derived imitation that is not, and cannot be, genuine collagen.

---

[1] The Product can be found at https://www.walmart.com/ip/Dove-Vitality-Renewal-Firming-Body-Wash-4-Restoring-Serum-with-Collagen-All-Skin-Type-18-5-oz/2209618756 (last accessed July 16, 2026).

3.      Collagen is a structural protein found exclusively in humans and animals; it is not found in plants. See *Kandel v. Dr. Dennis Gross Skincare, LLC*, 721 F. Supp. 3d 291, 296 (S.D.N.Y. 2024) ("collagen is a protein found exclusively in humans and animals . . .").

4.      Defendant's deception is pervasive. The front label of the Product prominently displays "4% RESTORING SERUM WITH COLLAGEN." Defendant's online product listing reinforces the claim in a "what's in it" graphic that lists "Collagen" as an ingredient, and in product copy representing that the Product is "formulated with a 4% restoring serum plus collagen" and made "with ingredients inspired by face care like Vitamin C, Hyaluronic Acid, and Collagen."

5.      Defendant's deceptive conduct is further underscored by the fact that other, comparable cosmetics that represent they contain collagen do, in fact, contain the genuine animal-derived ingredient, as depicted below:







6.    As a result of its deceptive conduct, Defendant is, and continues to be, unjustly enriched at the expense of its consumers.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00 exclusive of interest and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different than Defendant.

8.      This Court has personal jurisdiction over Defendant because it conducts substantial business within New York, including the sale, marketing, and advertising of the Product. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase of the Product.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District, including Plaintiff's purchase of the Product in Rensselaer, New York.

**PARTIES**

10.      Plaintiff Lillian Fitzgerald is a citizen of New York, who resides in Rensselaer, New York. Plaintiff purchased Defendant's Product online for her personal use on or about July 2025, from Walmart's website, while located in Rensselaer, New York. Prior to making her purchase, Plaintiff saw that the Product was labeled and marketed as containing "Collagen." Plaintiff relied on Defendant's representations when she decided to purchase the Product over comparable products that did not make those claims. Plaintiff saw Defendant's representations prior to and at the time of her purchase and understood them as a representation and warranty that the Product contained the sought-after and beneficial animal protein-based collagen. Plaintiff

relied on these representations and warranties in deciding to purchase the Product. Accordingly, those representations and warranties were part of the basis of her bargain, in that she would not have purchased the Product on the same terms had she known that those representations were not true. Furthermore, in making her purchase, Plaintiff paid a substantial price premium due to Defendant's false and misleading representations concerning the Product. Plaintiff, however, did not receive the benefit of her bargain because those representations were not, in fact, true.

11. Defendant Unilever United States, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 111 River Street, 8th Floor, Hoboken, New Jersey 07030. Defendant manufactures, packages, labels, advertises, markets, distributes, and/or sells the Product, under its "Dove" brand, in New York and throughout the United States.

**GENERAL ALLEGATIONS**

12. Collagen is the most prevalent protein found in animals, fish, and humans.[2] This insoluble fibrous protein is found in tendons and ligaments, as well as the cornea, cartilage, bones, gut, blood vessels, and intervertebral discs.

13. Collagen is an animal protein found primarily in the connective tissues of animals, including their skin, bones, and cartilage. Collagen is not found in plants.

14. In recent years, collagen has skyrocketed in popularity due to its purported anti-aging benefits in maintaining youthful skin, hair, and nails.[3] As a result, sales of collagen more than doubled between 2018 and 2020 and are expected to reach over $16 billion by 2028.

---

[2] Ananya Mandal, MD, What is Collagen, NEWS MED. LIFE SCIS., https://www.news-medical.net/health/What-is-Collagen.aspx ("In nature, collagen is found exclusively in animals, especially in the flesh and connective tissues of mammals.") (last accessed July 15, 2026].

[3] Sally Wadyka, The Real Deal on Collagen, CONSUMER REPORTS (Oct. 13, 2020), https://www.consumerreports.org/supplements/the-real-deal-on-collagen/ (last accessed July 15, 2026).

15.    Aware of this consumer demand, market players rushed to include collagen within their product lines. Collagen is widely available today in various forms, including as a food ingredient, in dietary supplements, and, pertinent to this context, in cosmetics.

16.    Defendant is among the major players that have capitalized on this demand.

17.    In online listings, like this one from Defendant's page on Walmart, Defendant makes repeated representations about the Product containing collagen:



18.    The marketing photos in the listings also strongly suggest the Product contains collagen:





19.     However, unlike most manufacturers, Defendant does not actually use collagen in its Product at all. Instead, the Product is formulated with "Vegetable Collagen" — a plant-derived ingredient.

20.     Despite Defendant's characterization, "Vegetable Collagen" is not collagen. Nor could it be, given that collagen is not found in plants.[4] The very term "vegetable collagen" is an oxymoron: collagen is, by definition, an animal protein.

21.     Courts have recognized that representing a cosmetic product contains "collagen" when it contains only a plant-derived substitute is plausibly misleading to reasonable consumers. *See Kandel v. Dr. Dennis Gross Skincare, LLC*, 721 F. Supp. 3d 291 (S.D.N.Y. 2024); *Gunaratna v. Dennis Gross Cosmetology LLC*, No. CV 20-2311-MWF (GJSx), 2023 U.S. Dist. LEXIS 60796 (C.D. Cal. Apr. 4, 2023).

22.     Defendant, having superior knowledge of the market and the composition of its Product, has misled consumers into believing that they were purchasing a sought-after ingredient (i.e., collagen). The use of a plant-derived substitute instead of genuine collagen represents a significant cost-saving measure for Defendant. Manufacturing collagen, particularly marine collagen, is notably more expensive due to the complex processes involved in raw material procurement, extraction, and rigorous quality control measures. This substitution likely results in a higher profit margin for Defendant, as the production costs for the plant-derived substitute are substantially lower than those associated with genuine animal collagen manufacturing.

23.     Defendant knew, or should have known, at all relevant times that the Product contains no collagen. Defendant formulated the Product, selected and approved every ingredient in it, drafted and approved its labeling and packaging, and itself identified "Vegetable Collagen"

---

[4]Jane B. Reece, Noel Myers & Lisa A. Urry, Campbell Biology 688 (Australian and New Zealand ed. 2015) ("The most abundant of these proteins is collagen, which is not found in plants or fungi.").

on the Product's own ingredient list. Defendant made the representation that the Product contains "Collagen" knowingly and with reason to know that the Product does not contain collagen, and did so intending that consumers rely upon that representation in deciding whether to purchase the Product.

24.     On August 6, 2025, prior to the commencement of this action, Plaintiff's counsel sent written notice and a demand for corrective action to Defendant via certified mail, return receipt requested, addressed both to Defendant's legal counsel at 111 River Street, 8th Floor, Hoboken, New Jersey 07030, and to Defendant's registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. The letter identified the Product by name and listing, described the collagen representation and the resulting injury to Plaintiff and the putative classes, demanded restitution, and provided notice of breach and an opportunity to cure pursuant to New York Uniform Commercial Code § 2-607(3)(a), 15 U.S.C. § 2310(e), and all other applicable state warranty and consumer protection statutes. Defendant did not cure, and the Product's labeling remains unchanged.

25.     Defendant's misleading and deceptive practices proximately caused harm to Plaintiff and the proposed class members who suffered an injury in fact and lost money or property as a result of Defendant's deceptive conduct.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on behalf of herself and all other similarly situated persons pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3). Specifically, the Classes are defined as:

> All persons who, during the maximum period of time permitted by the applicable statute of limitations, purchased Defendant's Product primarily for personal, family, or household purposes, and not for resale, in one of the

following jurisdictions, each of which constitutes a separate Subclass: New York, Alaska, Arizona, California, Colorado, Delaware, Florida, Hawaii, Idaho, Illinois, Kansas, Kentucky, Maryland, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Vermont, Virginia, Washington, and the District of Columbia. Plaintiff is a member of the New York Subclass and asserts each remaining Subclass claim in a representative capacity.

27.    The Classes do not include (1) Defendant, its officers, and/or its directors; or (2) the Judge to whom this case is assigned and the Judge's staff.

28.    Plaintiff reserves the right to amend the above class definitions and add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

29.    **Community of Interest:** There is a well-defined community of interest among members of the Classes, and the disposition of the claims of these members of the Classes in a single action will provide substantial benefits to all parties and to the Court.

30.    **Numerosity:** While the exact number of members of the Classes is unknown to Plaintiff at this time and can only be determined by appropriate discovery, upon information and belief, members of the Classes number in the thousands, if not millions. Members of the Classes may also be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

31.    **Existence and predominance of common questions of law and fact:** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individuals of the Classes. These common legal and factual questions include, but are not limited to:

(a)    Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Product are deceptive;

(b)      Whether Defendant fraudulently induced Plaintiff and the members of the

Classes into purchasing the Product;

(c)      Whether Plaintiff and the members of the Classes have suffered damages

as a result of Defendant's actions and the amount thereof;

(d)      Whether Plaintiff and the members of the Classes are entitled to statutory

damages; and

(e)      Whether Plaintiff and the members of the Classes are entitled to attorneys'

fees and costs.

32.      **Typicality:** The claims of the named Plaintiff are typical of the claims of other

members of the Classes in that the named Plaintiff was exposed to Defendant's false and

misleading marketing, purchased Defendant's Product, and suffered a loss as a result of that

purchase.

33.      **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests

of the Classes as required by Federal Rule of Civil Procedure 23(a)(4). Plaintiff is an adequate

representative of the Classes because she has no interests which are adverse to the interests of the

members of the Classes. Plaintiff is committed to the vigorous prosecution of this action and, to

that end, Plaintiff has retained skilled and experienced counsel.

34.      Moreover, the proposed Classes can be maintained because they satisfy both Rule

23(a) and 23(b)(3) because questions of law or fact common to the Classes predominate over any

questions affecting only individual members and a class action is superior to all other available

methods of the fair and efficient adjudication of the claims asserted in this action under Federal

Rule of Civil Procedure 23(b)(3) because:

(a)    The expense and burden of individual litigation makes it economically unfeasible for members of the Classes to seek to redress their claims other than through the procedure of a class action;

(b)    If separate actions were brought by individual members of the Classes, the resulting duplicative litigation would risk inconsistent or varying adjudications of the common issues and would waste the resources of the parties and of the judicial system; and

(c)    Absent a class action, Defendant likely will retain the benefits of its wrongdoing, and there would be a failure of justice.

**CAUSES OF ACTION**

**COUNT I**
**Violation of New York General Business Law § 349**
**(On Behalf of Plaintiff and the New York Subclass)**

35.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

36.    New York General Business Law § 349(a) declares unlawful unfair, deceptive, or abusive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state. Plaintiff asserts this claim under the deceptive prong of § 349, for which General Business Law § 349(h) affords a private right of action.

37.    In its sale of the Product throughout the state of New York, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New York General Business Law § 349.

38.    Plaintiff and the New York Subclass members are consumers who purchased Defendant's Product for their personal use.

39.     By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

40.     The foregoing deceptive acts and practices were directed at consumers.

41.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

42.     As a result of Defendant's deceptive practices, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

43.     On behalf of herself and the New York Subclass members, Plaintiff seeks to recover her actual damages or fifty dollars, whichever is greater, and requests that the Court exercise its discretion to increase the award of damages to an amount not to exceed three times actual damages, up to one thousand dollars, upon a finding that Defendant willfully or knowingly violated the statute, together with reasonable attorneys' fees, as provided under New York General Business Law § 349(h).

## COUNT II

**Violation of New York General Business Law § 350**
**(On Behalf of Plaintiff and the New York Subclass)**

44.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

45.     New York General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

46.     Defendant violated New York General Business Law § 350 by representing on the labeling and packaging of the Product, online listings, and marketing materials, of the Product that the Product contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

47.     The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

48.     Defendant's misrepresentations have resulted in consumer injury or harm to the public interest.

49.     As a result of Defendant's false advertising, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the veracity of Defendant's misrepresentations.

50.     On behalf of herself and the New York Subclass members, Plaintiff seeks to recover her actual damages or five hundred dollars, whichever is greater, and requests that the Court exercise its discretion to increase the award of damages to an amount not to exceed three times actual damages, up to ten thousand dollars, upon a finding that Defendant willfully or knowingly violated the statute, together with reasonable attorneys' fees, as provided under New York General Business Law § 350-e(3).

**COUNT III**
**Violation of Alaska Statutes § 45.50.471**
**(On Behalf of the Alaska Subclass)**

51.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

52.     Alaska Statutes § 45.50.471 prohibits unfair or deceptive acts or practices in the conduct of trade or commerce.

14

53.    In its sale of the Product throughout the state of Alaska, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Alaska Statutes § 45.50.471.

54.    The Alaska Subclass members are consumers who purchased Defendant's Product for their personal use.

55.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

56.    The foregoing deceptive acts and practices were directed at consumers.

57.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

58.    As a result of Defendant's deceptive practices, the Alaska Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

59.    On behalf of the Alaska Subclass members, Plaintiff seeks to recover three times the actual damages for each unlawful act or practice, or $500 for each unlawful act or practice, whichever is greater, and other necessary and proper relief as provided under AK Stat § 45.50.531.

**COUNT IV**
**Violation of Arizona Revised Statutes § 44-1522**
**(On Behalf of the Arizona Subclass)**

60.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

61. Arizona Revised Statutes § 44-1522 prohibits deceptive acts or practices in the conduct of any trade or commerce.

62. In its sale of the Product throughout the state of Arizona, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Arizona Revised Statutes § 44-1522.

63. The Arizona Subclass members are consumers who purchased Defendant's Product for their personal use.

64. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

65. The foregoing deceptive acts and practices were directed at consumers.

66. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

67. As a result of Defendant's deceptive practices, the Arizona Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

68. On behalf of the Arizona Subclass members, Plaintiff seeks to recover actual damages, and punitive damages if Defendant's conduct was wanton or reckless, together with costs, pursuant to the private right of action recognized under Arizona Revised Statutes § 44-1533.

**COUNT V**
**Violation of California Business and Professions Code § 17200**
**(On Behalf of the California Subclass)**

69.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

70.     California Business and Professions Code § 17200 prohibits unlawful, unfair, or fraudulent business acts or practices.

71.     In its sale of the Product throughout the state of California, at all relevant times herein, Defendant conducted business within the meaning and intendment of California Business and Professions Code § 17200.

72.     The California Subclass members are consumers who purchased Defendant's Product for their personal use.

73.     By the acts and conduct alleged herein, Defendant engaged in unlawful, unfair, and fraudulent acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

74.     The foregoing acts and practices were directed at consumers.

75.     The foregoing acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

76.     As a result of Defendant's deceptive practices, the California Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

77.     On behalf of the California Subclass members, Plaintiff seeks full restitution as the court may deem proper.

## COUNT VI
### Violation of Colorado Revised Statutes § 6-1-105
### (On Behalf of the Colorado Subclass)

78.     Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

79.     Colorado Revised Statutes § 6-1-105 prohibits deceptive trade practices in the course of a person's business, vocation, or occupation.

80.     In its sale of the Product throughout the state of Colorado, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Colorado Revised Statutes § 6-1-105.

81.     The Colorado Subclass members are consumers who purchased Defendant's Product for their personal use.

82.     By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

83.     The foregoing deceptive acts and practices were directed at consumers.

84.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

85.     As a result of Defendant's deceptive practices, the Colorado Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

86.     On behalf of the Colorado Subclass members, Plaintiff seeks to recover actual damages and reasonable attorney fees and costs, as provided under Colorado Revised Statutes § 6-1-113(2.9).

## COUNT VII
### Violation of Delaware Code Title 6 § 2513

18

**(On Behalf of the Delaware Subclass)**

87.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

88.    Delaware Code Title 6 § 2513 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

89.    In its sale of the Product throughout the state of Delaware, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Delaware Code Title 6 § 2513.

90.    The Delaware Subclass members are consumers who purchased Defendant's Product for their personal use.

91.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

92.    The foregoing deceptive acts and practices were directed at consumers.

93.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

94.    As a result of Defendant's deceptive practices, the Delaware Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

95.    On behalf of the Delaware Subclass members, Plaintiff brings this claim pursuant to the private right of action provided under Delaware Code Title 6 § 2525, and seeks to recover

actual damages, together with costs, as well as punitive damages if the fraud is found to be gross, oppressive, or aggravated.

**COUNT VIII**
**Violation of Florida Statutes § 501.204**
**(On Behalf of the Florida Subclass)**

96.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

97.    Florida Statutes § 501.204 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

98.    In its sale of the Product throughout the state of Florida, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Florida Statutes § 501.204.

99.    The Florida Subclass members are consumers who purchased Defendant's Product for their personal use.

100.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

101.    The foregoing deceptive acts and practices were directed at consumers.

102.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

103.    As a result of Defendant's deceptive practices, the Florida Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

104.    On behalf of the Florida Subclass members, Plaintiff seeks to recover actual damages, attorneys' fees, and court costs as provided under Florida Statutes §§ 501.211 and 501.2105.

**COUNT IX**
**Violation of Hawaii Revised Statutes § 480-2**
**(On Behalf of the Hawaii Subclass)**

105.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

106.    Hawaii Revised Statutes § 480-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

107.    In its sale of the Product throughout the state of Hawaii, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Hawaii Revised Statutes § 480-2.

108.    The Hawaii Subclass members are consumers who purchased Defendant's Product for their personal use.

109.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

110.    The foregoing deceptive acts and practices were directed at consumers.

111.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

21

112. As a result of Defendant's deceptive practices, the Hawaii Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

113. On behalf of the Hawaii Subclass members, Plaintiff seeks to recover threefold the damages sustained, the $1,000 minimum recovery being inapplicable in a class action under Hawaii Revised Statutes § 480-13(c)(1), together with reasonable attorneys' fees and the costs of suit.

**COUNT X**
**Violation of Idaho Code § 48-603**
**(On Behalf of the Idaho Subclass)**

114. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

115. Idaho Code § 48-603 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

116. In its sale of the Product throughout the state of Idaho, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Idaho Code § 48-603.

117. The Idaho Subclass members are consumers who purchased Defendant's Product for their personal use.

118. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

119. The foregoing deceptive acts and practices were directed at consumers.

22

120. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

121. As a result of Defendant's deceptive practices, the Idaho Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

122. On behalf of the Idaho Subclass members, Plaintiff seeks to recover the actual damages sustained by the class or a total for the class not exceeding $1,000, whichever is greater, as provided under Idaho Code § 48-608(1), together with restitution, punitive damages, and reasonable attorneys' fees and costs.

## COUNT XI
### Violation of Illinois Compiled Statutes Chapter 815 § 505/2
### (On Behalf of the Illinois Subclass)

123. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

124. Illinois Compiled Statutes Chapter 815 § 505/2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

125. In its sale of the Product throughout the state of Illinois, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Illinois Compiled Statutes Chapter 815 § 505/2.

126. The Illinois Subclass members are consumers who purchased Defendant's Product for their personal use.

127. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and

packaging of the Product, online listings, and marketing materials, it contains "Collagen."

Despite those representations, however, the Product does not contain collagen at all.

128.   The foregoing deceptive acts and practices were directed at consumers.

129.   The foregoing deceptive acts and practices are misleading in a material way

because they fundamentally misrepresent the nature and value of the Product.

130.   As a result of Defendant's deceptive practices, the Illinois Subclass members

suffered an economic injury because they would not have purchased (or paid a premium for) the

Product had they known the truth about Defendant's misrepresentations.

131.   On behalf of the Illinois Subclass members, Plaintiff seeks to recover actual

economic damages, and reasonable attorneys' fees and costs, as provided under Illinois

Compiled Statutes Chapter 815 § 505/10a.

## COUNT XII
### Violation of Kansas Statutes Annotated § 50-626
### (On Behalf of the Kansas Subclass)

132.   Plaintiff incorporates by reference each of the allegations contained in the

foregoing paragraphs of this Complaint as though fully set forth herein.

133.   Kansas Statutes Annotated § 50-626 prohibits deceptive acts or practices in the

conduct of any trade or commerce.

134.   In its sale of the Product throughout the state of Kansas, at all relevant times

herein, Defendant conducted business and trade within the meaning and intendment of Kansas

Statutes Annotated § 50-626.

135.   The Kansas Subclass members are consumers who purchased Defendant's

Product for their personal use.

24

136.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

137.    The foregoing deceptive acts and practices were directed at consumers.

138.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

139.    As a result of Defendant's deceptive practices, the Kansas Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

140.    Defendant's representation that the Product contains collagen was made knowingly and with reason to know that the Product does not have that ingredient, and is therefore a representation that property has ingredients that it does not have, a deceptive act specifically proscribed by Kansas Statutes Annotated § 50-626(b)(1)(A). On behalf of the Kansas Subclass members, Plaintiff seeks to recover the damages caused by that act and practice, as provided under Kansas Statutes Annotated § 50-634(d)(1), together with reasonable attorneys' fees, as provided under Kansas Statutes Annotated § 50-634(e).

## COUNT XIII
### Violation of Kentucky Revised Statutes § 367.170
### (On Behalf of the Kentucky Subclass)

141.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

25

142. Kentucky Revised Statutes § 367.170 prohibits unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce.

143. In its sale of the Product throughout the state of Kentucky, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Kentucky Revised Statutes § 367.170.

144. The Kentucky Subclass members are consumers who purchased Defendant's Product for their personal use.

145. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

146. The foregoing deceptive acts and practices were directed at consumers.

147. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

148. As a result of Defendant's deceptive practices, the Kentucky Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

149. Defendant made express warranties directly to Kentucky consumers, including its representation on the front label of the Product that the Product contains "Collagen," which representation was made for the benefit of and became part of the basis of the bargain of the Kentucky Subclass members who purchased the Product from retailers. On behalf of the Kentucky Subclass members, Plaintiff seeks to recover actual damages, punitive damages, and reasonable attorneys' fees and costs, as provided under Kentucky Revised Statutes § 367.220.

## COUNT XIV

### Violation of Maryland Commercial Law Code § 13-303
### (On Behalf of the Maryland Subclass)

150. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

151. Maryland Commercial Law Code § 13-303 prohibits unfair or deceptive trade practices in the conduct of any trade or commerce.

152. In its sale of the Product throughout the state of Maryland, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Maryland Commercial Law Code § 13-303.

153. The Maryland Subclass members are consumers who purchased Defendant's Product for their personal use.

154. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

155. The foregoing deceptive acts and practices were directed at consumers.

156. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

157. As a result of Defendant's deceptive practices, the Maryland Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

158.    On behalf of the Maryland Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Maryland Commercial Law Code § 13-408.

## COUNT XV
### Violation of Michigan Compiled Laws § 445.903
### (On Behalf of the Michigan Subclass)

159.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

160.    Michigan Compiled Laws § 445.903 prohibits unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of any trade or commerce.

161.    In its sale of the Product throughout the state of Michigan, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Michigan Compiled Laws § 445.903.

162.    The Michigan Subclass members are consumers who purchased Defendant's Product for their personal use.

163.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

164.    The foregoing deceptive acts and practices were directed at consumers.

165.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

166. As a result of Defendant's deceptive practices, the Michigan Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

167. On behalf of the Michigan Subclass members, Plaintiff seeks to recover the actual damages caused by Defendant's unlawful methods, acts, and practices, as provided under Michigan Compiled Laws § 445.911(4).

## COUNT XVI
### Violation of Minnesota Statutes § 325F.69
### (On Behalf of the Minnesota Subclass)

168. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

169. Minnesota Statutes § 325F.69 prohibits unfair, unconscionable, or deceptive trade practices in the conduct of any trade or commerce.

170. In its sale of the Product throughout the state of Minnesota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Minnesota Statutes § 325F.69.

171. The Minnesota Subclass members are consumers who purchased Defendant's Product for their personal use.

172. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

173. The foregoing deceptive acts and practices were directed at consumers.

174. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

175. As a result of Defendant's deceptive practices, the Minnesota Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

176. On behalf of the Minnesota Subclass members, Plaintiff seeks to recover actual damages, reasonable attorneys' fees, and costs, including costs of investigations, as provided under Minnesota Statutes § 8.31, subd. 3a.

## COUNT XVII
### Violation of Missouri Revised Statutes § 407.020
### (On Behalf of the Missouri Subclass)

177. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

178. Missouri Revised Statutes § 407.020 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

179. In its sale of the Product throughout the state of Missouri, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Missouri Revised Statutes § 407.020.

180. The Missouri Subclass members are consumers who purchased Defendant's Product for their personal use.

181. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

182.   The foregoing deceptive acts and practices were directed at consumers.

183.   The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

184.   As a result of Defendant's deceptive practices, the Missouri Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

185.   The Missouri Subclass members acted as reasonable consumers would in light of all the circumstances; Defendant's misrepresentation would cause a reasonable person to enter into the transaction that resulted in damages; and their individual damages are susceptible of calculation to a reasonable degree of certainty by reference to the price premium attributable to the collagen representation. On behalf of the Missouri Subclass members, Plaintiff seeks to recover actual damages, punitive damages, and reasonable attorneys' fees and costs, as provided under Missouri Revised Statutes § 407.025.1.

**COUNT XVIII**
**Violation of Nebraska Revised Statutes § 59-1602**
**(On Behalf of the Nebraska Subclass)**

186.   Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

187.   Nebraska Revised Statutes § 59-1602 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

188.   In its sale of the Product throughout the state of Nebraska, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Nebraska Revised Statutes § 59-1602.

189.    The Nebraska Subclass members are consumers who purchased Defendant's Product for their personal use.

190.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

191.    The foregoing deceptive acts and practices were directed at consumers.

192.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

193.    As a result of Defendant's deceptive practices, the Nebraska Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

194.    On behalf of the Nebraska Subclass members, Plaintiff seeks to recover actual damages, and up to $1,000 in additional damages if the actual damages are not susceptible to measurement by ordinary pecuniary standards, and reasonable attorneys' fees and costs, as provided under Nebraska Revised Statutes § 59-1609.

## COUNT XIX
### Violation of Nevada Revised Statutes § 598.0915
### (On Behalf of the Nevada Subclass)

195.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

196.    Nevada Revised Statutes § 598.0915 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

197.    In its sale of the Product throughout the state of Nevada, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Nevada Revised Statutes § 598.0915.

198.    The Nevada Subclass members are consumers who purchased Defendant's Product for their personal use.

199.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

200.    The foregoing deceptive acts and practices were directed at consumers.

201.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

202.    As a result of Defendant's deceptive practices, the Nevada Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

203.    On behalf of the Nevada Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Nevada Revised Statutes § 41.600.

## COUNT XX
### Violation of New Hampshire Revised Statutes § 358-A:2
### (On Behalf of the New Hampshire Subclass)

204.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

205.    New Hampshire Revised Statutes § 358-A:2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

206.    In its sale of the Product throughout the state of New Hampshire, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Hampshire Revised Statutes § 358-A:2.

207.    The New Hampshire Subclass members are consumers who purchased Defendant's Product for their personal use.

208.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

209.    The foregoing deceptive acts and practices were directed at consumers.

210.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

211.    As a result of Defendant's deceptive practices, the New Hampshire Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

212.    On behalf of the New Hampshire Subclass members, Plaintiff seeks to recover actual damages, together with reasonable attorneys' fees, as provided under New Hampshire Revised Statutes § 358-A:10-a.

**COUNT XXI**
**Violation of New Jersey Revised Statutes § 56:8-2**
**(On Behalf of the New Jersey Subclass)**

213.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

214.    New Jersey Revised Statutes § 56:8-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

215.    In its sale of the Product throughout the state of New Jersey, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Jersey Revised Statutes § 56:8-2.

216.    The New Jersey Subclass members are consumers who purchased Defendant's Product for their personal use.

217.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

218.    The foregoing deceptive acts and practices were directed at consumers.

219.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

220.    As a result of Defendant's deceptive practices, the New Jersey Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

221.    On behalf of the New Jersey Subclass members, Plaintiff seeks to recover threefold the damages sustained, together with reasonable attorneys' fees, filing fees, and reasonable costs of suit, as provided under New Jersey Revised Statutes § 56:8-19.

**COUNT XXII**

35

**Violation of New Mexico Statutes § 57-12-3**
**(On Behalf of the New Mexico Subclass)**

222.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

223.    New Mexico Statutes § 57-12-3 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

224.    In its sale of the Product throughout the state of New Mexico, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Mexico Statutes § 57-12-3.

225.    The New Mexico Subclass members are consumers who purchased Defendant's Product for their personal use.

226.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

227.    The foregoing deceptive acts and practices were directed at consumers.

228.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

229.    As a result of Defendant's deceptive practices, the New Mexico Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

230.    On behalf of the New Mexico Subclass members, Plaintiff seeks to recover such actual damages as were suffered by each member of the class, as provided under New Mexico

36

Statutes § 57-12-10(E), together with reasonable attorney fees and costs, as provided under New Mexico Statutes § 57-12-10(C).

## COUNT XXIII
### Violation of North Carolina General Statutes § 75-1.1
### (On Behalf of the North Carolina Subclass)

231.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

232.    North Carolina General Statutes § 75-1.1 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

233.    In its sale of the Product throughout the state of North Carolina, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of North Carolina General Statutes § 75-1.1.

234.    The North Carolina Subclass members are consumers who purchased Defendant's Product for their personal use.

235.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

236.    The foregoing deceptive acts and practices were directed at consumers.

237.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

238.    As a result of Defendant's deceptive practices, the North Carolina Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

239.    On behalf of the North Carolina Subclass members, Plaintiff seeks judgment for treble the amount of damages fixed by the verdict, as provided under North Carolina General Statutes § 75-16, and reasonable attorneys' fees and costs, as provided under North Carolina General Statutes § 75-16.1.

## COUNT XXIV
### Violation of North Dakota Century Code § 51-15-02
### (On Behalf of the North Dakota Subclass)

240.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

241.    North Dakota Century Code § 51-15-02 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

242.    In its sale of the Product throughout the state of North Dakota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of North Dakota Century Code § 51-15-02.

243.    The North Dakota Subclass members are consumers who purchased Defendant's Product for their personal use.

244.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

38

245.    The foregoing deceptive acts and practices were directed at consumers.

246.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

247.    As a result of Defendant's deceptive practices, the North Dakota Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

248.    On behalf of the North Dakota Subclass members, Plaintiff seeks to recover actual damages, and up to three times the actual damages if the violation was committed knowingly, and reasonable attorneys' fees and costs, as provided under North Dakota Century Code § 51-15-09.

## COUNT XXV
### Violation of Oklahoma Statutes Title 15 § 753
### (On Behalf of the Oklahoma Subclass)

249.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

250.    Oklahoma Statutes Title 15 § 753 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

251.    In its sale of the Product throughout the state of Oklahoma, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Oklahoma Statutes Title 15 § 753.

252.    The Oklahoma Subclass members are consumers who purchased Defendant's Product for their personal use.

253.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

254.    The foregoing deceptive acts and practices were directed at consumers.

255.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

256.    As a result of Defendant's deceptive practices, the Oklahoma Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

257.    On behalf of the Oklahoma Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Oklahoma Statutes Title 15 § 761.1.

## COUNT XXVI
### Violation of Oregon Revised Statutes § 646.608
### (On Behalf of the Oregon Subclass)

258.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

259.    Oregon Revised Statutes § 646.608 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

260.    In its sale of the Product throughout the state of Oregon, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Oregon Revised Statutes § 646.608.

261.    The Oregon Subclass members are consumers who purchased Defendant's Product for their personal use.

262.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

263.    The foregoing deceptive acts and practices were directed at consumers.

264.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

265.    As a result of Defendant's deceptive practices, the Oregon Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

266.    Defendant's use and employment of the unlawful methods, acts, and practices alleged herein was at a minimum reckless or knowing as to the Oregon Subclass members, each of whom sustained an ascertainable loss of money or property as a result. On behalf of the Oregon Subclass members, Plaintiff seeks to recover actual damages, or statutory damages of $200 if that is greater, as provided under Oregon Revised Statutes § 646.638(1) and (8)(a), together with punitive damages and reasonable attorneys' fees and costs.

## COUNT XXVII
### Violation of Pennsylvania Statutes Title 73 § 201-3
### (On Behalf of the Pennsylvania Subclass)

267.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

41

268.    Pennsylvania Statutes Title 73 § 201-3 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

269.    In its sale of the Product throughout the state of Pennsylvania, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Pennsylvania Statutes Title 73 § 201-3.

270.    The Pennsylvania Subclass members are consumers who purchased Defendant's Product for their personal use.

271.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

272.    The foregoing deceptive acts and practices were directed at consumers.

273.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

274.    As a result of Defendant's deceptive practices, the Pennsylvania Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

275.    On behalf of the Pennsylvania Subclass members, Plaintiff seeks to recover actual damages, or $100 if that is greater, and up to three times the actual damages in the Court's discretion, and reasonable attorneys' fees and costs, as provided under Pennsylvania Statutes Title 73 § 201-9.2.

## COUNT XXVIII
### Violation of Rhode Island General Laws § 6-13.1-2
### (On Behalf of the Rhode Island Subclass)

42

276.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

277.    Rhode Island General Laws § 6-13.1-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

278.    In its sale of the Product throughout the state of Rhode Island, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Rhode Island General Laws § 6-13.1-2.

279.    The Rhode Island Subclass members are consumers who purchased Defendant's Product for their personal use.

280.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

281.    The foregoing deceptive acts and practices were directed at consumers.

282.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

283.    As a result of Defendant's deceptive practices, the Rhode Island Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

284.    On behalf of the Rhode Island Subclass members, Plaintiff seeks to recover actual damages or $500, whichever is greater, treble damages, and reasonable attorneys' fees and costs, as provided under Rhode Island General Laws § 6-13.1-5.2.

**COUNT XXIX**

**Violation of South Dakota Codified Laws § 37-24-6**

**(On Behalf of the South Dakota Subclass)**

285.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

286.    South Dakota Codified Laws § 37-24-6 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

287.    In its sale of the Product throughout the state of South Dakota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of South Dakota Codified Laws § 37-24-6.

288.    The South Dakota Subclass members are consumers who purchased Defendant's Product for their personal use.

289.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

290.    The foregoing deceptive acts and practices were directed at consumers.

291.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

292.    As a result of Defendant's deceptive practices, the South Dakota Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

293.    On behalf of the South Dakota Subclass members, Plaintiff seeks to recover actual damages, as provided under South Dakota Codified Laws § 37-24-31.

44

**COUNT XXX**
**Violation of Vermont Statutes Title 9 § 2453**
**(On Behalf of the Vermont Subclass)**

294. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

295. Vermont Statutes Title 9 § 2453 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

296. In its sale of the Product throughout the state of Vermont, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Vermont Statutes Title 9 § 2453.

297. The Vermont Subclass members are consumers who purchased Defendant's Product for their personal use.

298. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

299. The foregoing deceptive acts and practices were directed at consumers.

300. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

301. As a result of Defendant's deceptive practices, the Vermont Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

302.    On behalf of the Vermont Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Vermont Statutes Title 9 § 2461.

## COUNT XXXI
### Violation of Virginia Code § 59.1-200
### (On Behalf of the Virginia Subclass)

303.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

304.    Virginia Code § 59.1-200 prohibits fraudulent acts or practices by suppliers in connection with consumer transactions.

305.    In its sale of the Product throughout the state of Virginia, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Virginia Code § 59.1-200.

306.    The Virginia Subclass members are consumers who purchased Defendant's Product for their personal use.

307.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

308.    The foregoing deceptive acts and practices were directed at consumers.

309.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

310.    As a result of Defendant's deceptive practices, the Virginia Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

311.    On behalf of the Virginia Subclass members, Plaintiff seeks to recover actual damages or $500, whichever is greater, or if the violation was willful, treble damages or $1,000, whichever is greater, as well as reasonable attorneys' fees and costs, as provided under Virginia Code § 59.1-204.

## COUNT XXXII
### Violation of Revised Code of Washington § 19.86.020
### (On Behalf of the Washington Subclass)

312.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

313.    Revised Code of Washington § 19.86.020 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

314.    In its sale of the Product throughout the state of Washington, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Revised Code of Washington § 19.86.020.

315.    The Washington Subclass members are consumers who purchased Defendant's Product for their personal use.

316.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

317. The foregoing deceptive acts and practices were directed at consumers.

318. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

319. As a result of Defendant's deceptive practices, the Washington Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

320. On behalf of the Washington Subclass members, Plaintiff seeks to recover actual damages, together with such increase in the damages award as the Court may in its discretion allow, up to three times the actual damages sustained and not exceeding $25,000, as well as reasonable attorneys' fees and costs, as provided under Revised Code of Washington § 19.86.090.

## COUNT XXXIII
### Violation of Washington D.C. Code § 28-3904
### (On Behalf of the Washington D.C. Subclass)

321. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

322. Washington D.C. Code § 28-3904 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

323. In its sale of the Product throughout the District of Columbia, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Washington D.C. Code § 28-3904.

324. The Washington D.C. Subclass members are consumers who purchased Defendant's Product for their personal use.

325.    By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the labeling and packaging of the Product, online listings, and marketing materials, that it contains "Collagen." Despite those representations, however, the Product does not contain collagen at all.

326.    The foregoing deceptive acts and practices were directed at consumers.

327.    The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Product.

328.    As a result of Defendant's deceptive practices, the Washington D.C. Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the truth about Defendant's misrepresentations.

329.    On behalf of the Washington D.C. Subclass members, Plaintiff seeks to recover treble damages, or $1,500 per violation, whichever is greater, punitive damages, as well as reasonable attorneys' fees and costs, as provided under Washington D.C. Code § 28-3905(k)(2).

**COUNT XXXIV**
**Breach of Express Warranty under New York Uniform Commercial Code § 2-313**
**(On Behalf of Plaintiff and the New York Subclass)**

330.    Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

331.    Defendant, as the formulator, manufacturer, advertiser, marketer, distributor, and warrantor of the Product, made an affirmation of fact and a promise to Plaintiff and the New York Subclass members by conspicuously representing on the front label of the Product, and throughout its online listings and marketing materials, that the Product contains "Collagen."

332. That representation was not puffery. It described a specific, objectively verifiable ingredient characteristic of the Product, and it appeared on the principal display panel, where a reasonable consumer would encounter and rely upon it.

333. Defendant's representation became part of the basis of the bargain. Plaintiff and the New York Subclass members read and relied upon the representation, and would not have purchased the Product, or would not have paid the price premium Defendant commanded for it, had they known the truth.

334. Defendant breached its express warranty. The Product does not contain collagen. It contains only "Vegetable Collagen," a plant-derived imitation that is not, and cannot be, genuine collagen, because collagen occurs in nature exclusively in animals.

335. Any requirement of privity is satisfied or excused. Defendant directed its warranty to consumers rather than to intermediate retailers, intended that consumers rely upon it, and knew that the Product would be resold to consumers in its sealed and labeled packaging, without inspection, alteration, or opportunity for the consumer to verify its contents.

336. As alleged above, Plaintiff provided Defendant with written pre-suit notice of the breach of the express warranty alleged herein by letter dated August 6, 2025, sent via certified mail, return receipt requested, thereby satisfying the notice requirement of New York Uniform Commercial Code § 2-607(3)(a). Defendant did not cure.

337. Plaintiff pleads this claim on behalf of herself and the New York Subclass under New York Uniform Commercial Code § 2-313. Plaintiff reserves the right to assert express warranty claims under the laws of the remaining jurisdictions upon amendment.

338. As a direct and proximate result of Defendant's breach, Plaintiff and the New York Subclass members suffered damages in an amount equal to the price premium attributable

to the collagen representation, together with such incidental and consequential damages as may be proven.

**COUNT XXXV**

**Unjust Enrichment**

**(On Behalf of Plaintiff and All Subclasses)**

339. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

340. Plaintiff pleads this claim in the alternative, to the extent the statutory and express warranty claims pleaded herein are found unavailable, inapplicable, or unenforceable.

341. Plaintiff's claim for unjust enrichment is not duplicative of her statutory or warranty claims. The scope of conduct reached by unjust enrichment is broader than that reached by those claims; its elements are distinct, in that unjust enrichment requires neither consumer-oriented conduct nor a materially misleading representation directed at consumers; and it measures recovery from the perspective of the benefit Defendant unjustly retained rather than the loss Plaintiff sustained. Unjust enrichment is also governed by a six-year limitations period, and therefore reaches purchasers whose statutory claims would be time-barred.

342. Plaintiff and the Subclass members conferred a benefit upon Defendant by purchasing the Product at a price that included a premium attributable to Defendant's representation that the Product contains collagen.

343. Defendant was aware of and appreciated that benefit, accepted it, and has retained it.

344.    Defendant obtained that benefit through the deceptive labeling and marketing described herein. Defendant knew that the Product contains no collagen, yet represented otherwise on the principal display panel of every unit sold.

345.    It would be inequitable and unjust to permit Defendant to retain the benefit conferred, because that benefit was obtained by misrepresenting a material ingredient characteristic of the Product to consumers who had no means of verifying the representation at the point of sale.

346.    Plaintiff and the Subclass members lack an adequate remedy at law to the extent their statutory and warranty claims are found unavailable or unenforceable.

347.    Plaintiff and the Subclass members are entitled to restitution and to disgorgement of the amounts by which Defendant has been unjustly enriched at their expense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(c) For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief; and

(f) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: July 31, 2026

Respectfully submitted,

**GUCOVSCHI LAW FIRM, PLLC**

By: /s/ Nathaniel H. Sari
    Adrian Gucovschi
    Nathaniel H. Sari
    165 Broadway, Fl. 23
    New York, NY 10005
    Telephone: (212) 884-4230
    Facsimile: (212) 884-4230
    E-Mail: Nathaniel@gucovschilaw.com
           Adrian@gucovschilaw.com

    Attorneys for Plaintiff and the Putative Class